IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER AVELLONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-1108-SLP |
| | ) (State Court Case No. CJ-2021-4340) |
| KELLY RAE BRISTOL, | ) (District Court of Oklahoma County) |
| | ) |
| | ) |
| Defendant. | ) |

**REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 201 of the Federal Rules of Evidence, Defendant respectfully requests that the Court take judicial notice of the following documents:

1. **Exhibit 1** – a true and correct copy of a complaint filed on June 16, 2021, by Christopher Avellone against Karissa Barrows and Kelly Bristol in the Superior Court for the State of California County of Los Angeles: *Avellone v. Barrows*, Case No. 21STCV22573.

2. **Exhibit 2** – a true and correct copy of publicly posted "tweets" from the account "@ChrisAvellone."

**BASIS FOR REQUESTING JUDICIAL NOTICE**

Pursuant to Federal Rule of Evidence 201(a), a court may take judicial notice of adjudicative facts only. In addition, "[a] judicially noticed fact must be one not subject to reasonable dispute that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose

accuracy cannot reasonably be questions." Fed. R. Evid. 201(b). A court "must" take judicial notice if a party requests it and supplies the court with the requisite information.

Exhibit 1 is properly noticed by this Court pursuant to Federal Rule of Evidence 201(b), (d). *See, e.g., Hodgson v. Farmington City*, 675 Fed.Appx. 838, 841 (10th Cir. 2017) (stating that a district court can take judicial notice of another court's publicly filed records "concerning matters that bear directly upon the disposition of the case at hand"); *St. Louis Baptist Temple, Inc. v. Federal Deposit Insurance Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (reiterating that it has been held that in appropriate circumstances, federal courts may take notice of proceedings in other courts, both within and outside of the federal judicial system, if those proceedings have a direct relation to matters at issue). Defendant's request for judicial notice of Exhibit 1 is solely to show that the California Complaint was filed, and the allegations contained therein, not to show the truth of any of the contents of that document. Exhibit 1 is relevant to the present litigation because it contains Plaintiff's allegations concerning the identical subject matter and demonstrates how Plaintiff has described himself in prior statements to different courts.

Exhibit 2 is properly noticed by this Court pursuant to Federal Rule of Evidence 201(b) because the existence of these twitter statement are "generally known within the trial court's territorial jurisdiction" and "can be accurately and readily determined from sources whose accuracy cannot reasonably be questions." *See* Fed. R. Evid. 201(b)(1), (2). Defendant has provided a screenshot of these statements, which were available on the internet for public viewing. The contents of these screenshots were publicly available on the internet, and thus the fact of their existence, and the contents thereof, cannot be

61869278.1

reasonably questioned. Other courts have taken judicial notice of statements posted to Twitter accounts. *See Haynes v. Ottley*, No. CV 2014-70, 2014 WL 5469308, at *6 (D.V.I. Oct. 28, 2014) (taking judicial notice of fact posted on Twitter account).

Exhibit 2 is directly relevant to showing that Plaintiff saw and engaged with several of the statements at issue in his Complaint as early as June 2020.

Finally, Defendant does not seek judicial notice of the truth of any of the statements contained in Exhibit 2, only their existence.

For each of these reasons, Defendant respectfully requests that this Court grant judicial notice of Exhibits 1 and 2.

Dated: December 10, 2021

                                                  Respectfully submitted,

                                                  */s/    Scott E. Kiplinger*
                                                  Scott E. Kiplinger, OBA No. 33938
                                                  GABLEGOTWALS
                                                  499 W. Sheridan Avenue
                                                  Suite 2200
                                                  Oklahoma City, OK  73102
                                                  (405) 235-5500
                                                  (405) 235-2875 (fax)
                                                  skiplinger@gablelaw.com

                                                  ***Attorney for Defendant***

## CERTIFICATE OF SERVICE

This is to certify that on December 10, 2021, I electronically transmitted the foregoing document entitled **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS** to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Eric D. Wade, OBA No. 19249
ROSENSTEIN FIST & RINGOLD
525 South Main, Suite 700
Tulsa, Oklahoma 74103-4508              */s/ Scott Kiplinger*
ericw@rfrlaw.com                        Scott E. Kiplinger

***ATTORNEYS FOR PLAINTIFFS***

61869278.1