IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER AVELLONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-21-1108-SLP |
| | ) |
| KELLY RAE BRISTOL, | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S MOTION TO REMAND AND FOR AWARD OF
COSTS AND ATTORNEY FEES, WITH COMBINED BRIEF IN SUPPORT**

Plaintiff Christopher Avellone ("Plaintiff") hereby moves this Court for an order remanding this case back to the District Court of Oklahoma County, State of Oklahoma, and for an order requiring Defendant Kelly Rae Bristol ("Defendant") to pay the costs and attorney fees incurred by the Plaintiff as a result of the Defendant's improper removal of this case.  In support of this motion, the Plaintiff states as follows:

**I.      Facts Supporting Remand and Award of Costs and Attorney Fees**

1.      The Plaintiff filed this action on October 13, 2021, in the District Court of Oklahoma County, State of Oklahoma ("District Court of Oklahoma County"), captioned as *Christopher Avellone v. Kelly Rae Bristol*, Case No. CJ-2021-4340. See Petition, Oct. 13, 2021, Ex. 1 to Notice of Removal, Dkt. No. 1-1.

2.      The Petition includes only state law claims against the Defendant for libel per se, false light – invasion of privacy, intentional infliction of emotional distress, tortious interference with contractual and business relations, tortious interference with prospective economic advantage, and punitive/exemplary damages. Pet., ¶¶ 34-81, Dkt.

No. 1-1. These claims arise out of public statements that the Defendant published about the Plaintiff on social media, including Twitter.com and Reddit.com. *See* Pet., ¶¶ 1-33, Dkt. No. 1-1.

3. The Plaintiff's Petition provides that he is an individual who resides in Orange County, California, and that, upon information and belief, the Defendant is an individual who resides in Oklahoma County, Oklahoma. Pet., ¶¶ 1-2, Dkt. No. 1-1.

4. The Defendant was properly served with process on November 3, 2021. Notice of Removal, ¶ C.1, Dkt. No. 1; Return of Service, *Christopher Avellone v. Kelly Rae Bristol*, Case No. CJ-2021-4340, Okla. Cnty., Okla., Nov. 19, 2021, attached hereto as Ex. 1.

5. On November 23, 2021, the Defendant removed this case from the District Court of Oklahoma County to this Court purportedly on the basis of diversity jurisdiction pursuant to 28 U.S.C. § 1332. Notice of Removal, Dkt. No. 1.[1] The Defendant states in her Notice of Removal that she is a citizen and resident of Oklahoma. Notice of Removal, ¶ A.6, Dkt. No. 1.

6. The Defendant asserts that diversity jurisdiction exists because Plaintiff (a citizen of California) and Defendant (a citizen of Oklahoma) are citizens of different

---

[1] The Defendant removed this case on the day that she was required to file an answer to the Petition in state court under OKLA. STAT. tit. 12, § 2012. The Defendant was required under FED. R. CIV. P. 81 to file an answer or present other defenses within 7 days of removal, or no later than November 30, 2021. The Defendant disregarded this rule by failing to timely file an answer or other defenses. Instead, the Defendant waited until December 10, 2021, to file a Motion to Dismiss (Dkt. No. 10) out of time and without leave of court.

states, and the amount in controversy exceeds $75,000, exclusive of interest and costs. Notice of Removal, ¶¶ A.5-6, B.7, Dkt. No. 1.

## II. Arguments and Authorities

The Plaintiff seeks remand of this case to the District Court of Oklahoma County based on the "forum-defendant rule" set forth in 28 U.S.C. § 1441(b)(2). The Plaintiff further seeks an award of just costs and actual expenses, including attorney fees, incurred as a result of the Defendant's removal of this case with no objectively reasonable basis for removal, pursuant to 28 U.S.C. § 1447(c).

### A. *The standard for removal*

Federal courts are courts of limited jurisdiction. *Dutcher v. Matheson*, 733 F.3d 980, 984 (10th Cir. 2013) (citation omitted). To that end, "[r]emoval statutes are strictly construed, and all doubts are resolved against removal." *Woods v. Dr. Pepper Snapple Grp., Inc.*, Case No. CIV-19-1162-F, 2020 U.S. Dist. LEXIS 32794, at *4 (W.D. Okla. Feb. 26, 2020) (citing *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982)). The removing party must establish that the requirements for removal have been met. *In re McGill Revocable Living Trust*, Case No. 16-CV-707-GKF-TLW, 2017 U.S. Dist. LEXIS 2100, at *2 (N.D. Okla. Jan. 6, 2017) (citations omitted).

As a general matter, there are two requirements for removal: the jurisdictional requirements and the procedural requirements. *Huffman v. Saul Holdings Ltd., P'shp.*, 194 F.3d 1072, 1076 (10th Cir. 1999) (citations omitted). The Tenth Circuit has recognized that "there are two types of improperly removed cases: those in which the federal court has no subject matter jurisdiction and those with defects in the removal

procedure itself." *Id.* (citations omitted). These jurisdictional and procedural requirements are well-established and clearly set forth in federal statutes. 28 U.S.C §§ 1441, 1446.

### B. *The Defendant's removal violates the forum-defendant rule, and this case must, therefore, be remanded to the District Court of Oklahoma County*

One of the procedural requirements for removal is referred to as the "forum-defendant rule." 28 U.S.C. § 1441(b). Under the forum-defendant rule, "[a] civil action otherwise removable solely on the basis of jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2).

Courts have considered the purpose of diversity jurisdiction when considering the rationale behind the forum-defendant rule. Courts have long-held that "the purpose of diversity jurisdiction is to provide out-of-state defendants with a neutral, unbiased forum." *Snyder v. Moore*, Case No. CIV-13-1282-L, 2014 U.S. Dist. LEXIS 199964, at *3 (W.D. Okla. Feb. 11, 2014) (citations omitted). "The forum defendant rule . . . recognizes that 'the rationale for diversity jurisdiction no longer exists' when one of the defendants is a citizen of the forum state since 'the likelihood of local bias is reduced, if not eliminated.'" *Id.* (citations omitted). This rationale evaporates when a properly joined and served defendant is an in-state citizen. *In re McGill*, 2017 U.S. Dist. LEXIS 2100, at *3 (citations omitted). The removing party's obligation to establish that the requirements for removal have been met requires the removing party to demonstrate, *inter alia*, "that no properly joined and served defendant is a citizen of the state in which the action is


brought." *Howard v. Crossland Constr. Co.*, Case No. 17-CV-00480-TCK-FHM, 2018 U.S. Dist. LEXIS 89560, at *3 (N.D. Okla. May 30, 2018) (citations omitted). In this case, the Defendant cannot make this showing because she is an in-state citizen.

On October 13, 2021, the Plaintiff initiated this action in the District Court of Oklahoma County, and properly served the Defendant with process on November 3, 2021. The Plaintiff's Petition alleges that he is an individual who resides in Orange County, California, and that the Defendant is an individual who resides in Oklahoma County, Oklahoma. Pet., ¶¶ 1-2, Dkt. No. 1-1. The Defendant removed this action on the basis of diversity of citizenship, asserting in the Notice of Removal that the Plaintiff is a citizen and resident of Orange County, California, and that the Defendant is a citizen and resident of Oklahoma County, Oklahoma. Notice of Removal, ¶¶ (A)(5)-(6), (B)(7), Dkt. No. 1.

The Defendant's removal of this case is improper and violates the forum-defendant rule because the Defendant is a properly joined and served defendant who is a citizen of Oklahoma—the state in which the action is brought. There is no dispute as to the Defendant's citizenship or that she has been properly joined and served in this case. Removal of this case is a clear violation of the provisions of 28 U.S.C. § 1441(b)(2). As a citizen of Oklahoma and resident of Oklahoma County, the Defendant is not at risk of local bias, which means there is no rationale or purpose for diversity jurisdiction in this case. The Defendant has failed to satisfy the procedural requirements for removal, and this case must be remanded back to the District Court of Oklahoma County.

## C. *The Plaintiff is entitled to recover costs and attorney fees from the Defendant*

The removal statutes authorize an award of costs and attorney fees when a court remands a case. The statute authorizing this award provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstance, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *see also Gregory v. Fallin*, Case No. CIV-13-554-D, 2014 U.S. Dist. LEXIS 24282, at *3 (W.D. Okla. Feb. 26, 2014).

In this case, the Defendant lacked an "objectively reasonable basis" for removal. As the United States District Court for the Western District of Oklahoma has previously recognized, there is "no objectively reasonable basis" for removal in cases involving the forum-defendant rule. *Bratten v. Cardinal*, Case No. CIV-20-206-PRW, 2020 U.S. Dist. LEXIS 61833, at *2-3 (W.D. Okla. April 8, 2020) ("Shifting of costs and expenses is warranted here because Defendant . . . did not have an objectively reasonable basis to seek removal since it was plainly contrary to the forum defendant rule."); *Johnson v. Sanders*, Case No. CIV-2019-814-R, 2019 U.S. Dist. LEXIS 173295, at *3 (W.D. Okla. Oct. 7, 2019).

The Defendant has conceded that she is a forum-defendant, and that she was properly served in Oklahoma County. There was simply no objectively reasonable basis for the Defendant to have removed this case to federal court. By improperly removing

this case, the Defendant has subjected the Plaintiff to increased costs and attorney fees, and the Court should require the Defendant to pay those costs and fees.

### III.   Conclusion

For the above reasons, the Plaintiff respectfully requests that this Court grant this motion by remanding this case back to the District Court of Oklahoma County and ordering the Defendant to pay the just costs and any actual expenses, including attorney fees, incurred by the Plaintiff as a result of the improper removal, and award the Plaintiff any other and further relief that the Court deems just and equitable.

Respectfully submitted,

*s/ Eric D. Wade*
**Eric D. Wade, OBA No. 19249**
**ROSENSTEIN FIST & RINGOLD**
**525 South Main, Suite 700**
**Tulsa, Oklahoma 74103-4508**
**(918) 585-9211 (Telephone)**
**(918) 583-5617 (Facsimile)**
*ericw@rfrlaw.com*

**ATTORNEYS FOR PLAINTIFF,**
**CHRISTOPHER AVELLONE**

## CERTIFICATE OF DELIVERY

☒ I hereby certify that on December 21st, 2021, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants, to:

Scott E. Kiplinger
GABLE GOTWALS
499 W. Sheridan Avenue, Suite 2200
Oklahoma City, Oklahoma 73102
skiplinger@gablelaw.com

-and-

Daniel L. Allender (*pro hac vice*)
Jessica Marie Pettit (*pro hac vice*)
ROBINS KAPLAN LLP
2049 Century Park East, Suite 3400
Los Angeles, California 90067
dallender@robinskaplan.com
jpettit@robinskaplan.com

*Attorneys for Defendant*

☐ I hereby certify that on _____ I served the attached document by United States Certified Mail, Return Receipt Requested on the following, who are not registered participants of the ECF System:

*s/ Eric D. Wade*
**Eric D. Wade**