### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER AVELLONE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-21-1108-SLP |
| | ) |
| KELLY RAE BRISTOL, | ) |
| | ) |
| Defendant. | ) |

## **O R D E R**

Before the Court is Plaintiff's Motion to Remand and for Award of Costs and Attorney Fees, with Combined Brief in Support [Doc. No. 13].  Defendant has not responded and the time for doing so has expired.  *See* LCvR 7.1(g).  The Court may, in its discretion, deem the Motion confessed.  *See id.*

Plaintiff moves to remand this matter pursuant to the "forum defendant rule" as set forth in 28 U.S.C. § 1441(b)(2).  The Notice of Removal [Doc. No. 1], expressly states that removal is based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and that Plaintiff is a citizen of the State of California and Defendant is a citizen of the State of Oklahoma.  *Id.*, ¶¶ 4, 5, 6.  No other basis for federal jurisdiction is identified nor does a review of the Petition establish any other basis for federal jurisdiction.[1]  The Notice further states that Defendant was served on November 3, 2021.  *Id.*, ¶ 3.

---

[1] The Petition raises state-law claims for libel per se, false light-invasion of privacy, intentional infliction of emotional distress, tortious interference with contractual and business relations and tortious interference with prospective economic advantage.  *See* Petition [Doc. No. 1-1].

Pursuant to § 1441(b)(2) "[a] civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." *Id.* Here removal is based solely on diversity jurisdiction. Because Defendant is a citizen of Oklahoma, the State in which this action is brought, removal is improper and remand is required. *See Brazell v. Waite*, 525 F. App'x 878, 884 (10th Cir. 2013) (noting that pursuant to 28 U.S.C. § 1441(b)(2), a case may not be removed on the basis of diversity jurisdiction if any defendant is a citizen of the state in which the state-court action was brought). Moreover, Defendant has not challenged Plaintiff's Motion and, therefore, fails to satisfy her burden of establishing that removal is proper.

Plaintiff also moves for an award of costs and attorney fees pursuant to 28 U.S.C. § 1447(c). The Court finds an award is proper. The Court agrees with Plaintiff that based on the facts and circumstances of this case, there is no "objectively reasonable basis" for removal due to the obvious application of the forum defendant rule. *See Porter Tr. v. Rural Water Sewer & Solid Waste Mgmt. Dist. No. 1*, 607 F.3d 1251, 1253 (10th Cir. 2010) ("[T]he standard for awarding fees should turn on the reasonableness of the removal." (citation and internal quotation marks omitted)). The Court's finding is underscored by Defendant's failure to file any response to Plaintiff's Motion.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand and for Award of Costs and Attorney Fees, with Combined Brief in Support [Doc. No. 13] is GRANTED.

The Clerk of Court is directed to take all actions necessary to effect the remand.

IT IS FURTHER ORDERED that Plaintiff shall file a short application for reasonable costs and fees associated with the removal of this Case, with supporting affidavits and time records, within seven days of the date of this Order.  Defendant shall have five days after the filing of Plaintiff's submission to object to the amount requested in the application, but not to the award of costs and fees.  **If the parties' stipulate to the amount of costs and fees, they may jointly file a Notice advising the Court of the same.**

IT IS FURTHER ORDERED that in light of the remand, the Court declines to rule on Defendant's pending Motions [Doc. Nos. 10 and 11] and leaves those matters for the state court to address.

IT IS SO ORDERED this 13th day of January, 2022.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE